IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEATHER CRYSTAL WHITE | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:21-cv-451-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § | |

**MEMORANDUM RULING**

On May 3, 2021, Administrative Law Judge Thomas John Wheeler issued a decision finding that Petitioner Heather Crystal White was not disabled within the meaning of the Social Security Act at any time from November 1, 2011 through December 31, 2016, the date last insured. Ms. White, who was 40 with a high school education at the time of the decision, was found to be suffering from severe impairments consisting of degenerative disc disease of the cervical and lumbar spine, cervical radiculopathy, and depression. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least November 1, 2011. Her past relevant work included User support IT. She was not able to return to that type of work.

After reviewing the medical records and receiving the testimony at the March 31, 2021 telephone hearing, at which Petitioner was represented by her attorney, Ken Popkess, the ALJ determined that Petitioner had the residual functional capacity to perform a reduced range of sedentary work as defined in the Social Security regulations--which involves lifting and/or carrying 10 pounds occasionally and less than 10 pounds frequently. She can stand and walk up to 2 hours in an 8-hour workday, and sit up to 6 hours. She must be allowed to alternate between

sitting and standing at will without leaving the workstation or going off task.  She is limited to only frequent balancing, kneeling, and crawling, and only occasional stooping, crouching, and climbing of ramps and stairs.  She is limited to only occasional overhead reaching bilaterally.  She can never climb ladders, ropes, or scaffolds.  She is able to understand, remember, and carry out detailed but not complex instructions, use judgment to make work-related decisions, and respond appropriately to changes in a routine work setting.  She is limited to occasional interaction with coworkers and supervisors, but should have no work-related contact with the general public.

Based on the testimony of a vocational expert witness, Jerold L. Hildre, the ALJ determined that Petitioner could perform the requirements of certain sedentary, unskilled jobs that exist in substantial numbers in the national economy, such as assembler, lens inserter, and cutter and paster.  This finding resulted in the determination that Petitioner was not entitled to disability insurance benefits.  Petitioner appealed this finding to the Appeals Council, which denied review on October 14, 2021.  Petitioner timely filed this action for judicial review seeking remand of the case for further proceedings.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous

absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises a single issue on this appeal:

> The Appeals Council must grant review based on new evidence that "relates to" the period at issue.  In this case, the Appeals Council received a July 9, 2021 statement from White's treating physician but denied review, reasoning the statement did not address White's condition before her December 31, 2016 disability deadline.  Was the Appeals Council correct to deny review when the physician explicitly addressed "patient's impairments from 11/01/11 to the present" and treated White prior to December 13, 2016?

*Analysis:*

There is no indication in this record that the ALJ did not appropriately weigh the evidence before him.  In fact, he pointed out that "the claimant has not produced any opinion from their own medical sources addressing the … functional limitations … for the period of time that they seek benefits.  Thus, *there is no medical opinion from the Claimant's own medical sources that can be weighed* by the undersigned."   Tr. 25 (emphasis added).   It is what happened after the ALJ's decision that is at issue on this appeal.

In connection with her request for review by the Appeals Council, Petitioner submitted several different sets of medical records.  As to two of the sets, from the Texas Health Presbyterian emergency department and the Texas Health Center for Diagnostic & Surgery, the Appeals Council noted that the records were reviewed and did "not show a reasonable probability that it would change the outcome of the decision." Tr. 2.  However, as to two other sets of records, from

the Texas Health Presbyterian Hospital and a "Texas Physician Clinical assessment dated July 6, 2021, signature illegible (3-pages)," the Appeals Council merely noted that the records did "not relate to the period at issue" and therefore did "not affect the decision." Tr. 2. However, the Commissioner now concedes that the 3-page document was a report by Petitioner's treating physician, Dr. Stanley Wu, and that upon closer examination the report does relate to the relevant time period. Dkt. No. 14 at 5-6.

The Commissioner argues that Dr. Wu's new report is merely a "checkmark" form, that it is not supported by his contemporaneous clinical notes, and that it would not have changed the decision on disability. Thus, it was merely harmless error to fail to note that it actually does relate to the time period at issue. *Id*. The problem with this argument is that it is all merely attorney argument, however cogent it might be. As Chief Judge Stewart pointed out in *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014), "we may affirm only on the grounds that the Commissioner stated for his decision." The ground that the Commissioner stated for not considering the opinion of Dr. Wu was wholly erroneous.

It also bears noting that the new evidence we are addressing is admittedly not merely cumulative. In fact, the Commissioner contends that Dr. Wu never before expressed the opinions stated therein. The new evidence is also not something that could never affect the outcome, such as a lay witness's opinion of disability. It is the opinion of a treating physician who treated Petitioner, during the relevant perior, for the condition upon which she asserts disability. As noted above, the ALJ emphasized in his decision that there was no opinion evidence in the record from Petitioner's treating providers. Dr. Wu's report provides just such an opinion.

Both sides discuss *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005), which held that new evidence submitted only to the Appeals Council, after the decision by the ALJ, is part of the record that must be considered by the district court in resolving an appeal.  Both sides agree that Dr. Wu's new report is part of the record.  The question is whether the district court should be the first fact-finder to weigh the new evidence.  The Fifth Circuit in *Copeland, supra*, instructs this Court not to assume that role.  Furthermore, the Court held in *Kneeland v. Berryhill*, 850 F.3d 749, 760-761 (5th Cir. 2017), that "the general rule [is] that rejecting a conflicting medical opinion nevertheless requires an explanation."  Also relevant to the present issue is the Court's observation in *Kneeland* that "The Commissioner avers that any error in not addressing Dr. Bernauer's statement was harmless. However, the Commissioner points to no cases in which an ALJ's failure to address an examining physician's medical opinion is deemed harmless." *Id*.

This Court offers no opinion on whether the Commissioner should, on remand, find that the opinion of Dr. Wu requires a different result.  However, until the ALJ or the Appeals Council has weighed that opinion, this Court cannot find that substantial evidence supports the decision.

*Conclusion:*

Having found that the current record does not support the decision of the Commissioner, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to the fourth sentence of 42 USC §405(g) for further proceedings consistent with this ruling.

**SIGNED this 9th day of April, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE